IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCHOOL DISTRICT OF JANESVILLE,

        Plaintiff,

v.

EB EMPLOYEE SOLUTIONS, LLC d/b/a
THE DIFFERENCE CARD and ARCH
INSURANCE COMPANY,

        Defendants.

Case No. 3:21-cv-00291-wmc

**DEFENDANT EB EMPLOYEE SOLUTIONS, LLC
d/b/a THE DIFFERENCE CARD'S ANSWER TO
ARCH INSURANCE COMPANY'S CROSS-CLAIM**

Defendant EB EMPLOYEE SOLUTIONS, LLC d/b/a THE DIFFERENCE CARD ("EBES"), by and through its attorneys, WEISS LAW OFFICE, S.C. and ROPERS MAJESKI, PC, as and for its Answer to Defendant ARCH INSURANCE COMPANY's ("Arch") Cross-Claim, responds as follows:

1. In answering paragraph 1 of Arch's Cross-Claim, paragraph 1 does not allege any matters that require a response. However, to the extent that a response is required, EBES denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 1 of Arch's Cross-Claim and therefore denies same.

2. In answering paragraph 2 of Arch's Cross-Claim, admit the allegations contained therein, except to deny that the Exhibit 1 was executed on November 16, 2017; affirmatively allege that Exhibit 1 was executed on November 17, 2017.

3. In answering paragraph 3 of Arch's Cross-Claim, admit that Exhibit 1 speaks for itself and to the extent that the allegations contained in paragraph 3 of Arch's Cross-Claim are inconsistent with, incomplete or vary from the terms of Exhibit 1, then, in that event, those allegations are denied.

4. In answering paragraph 4 of Arch's Cross-Claim, admit that Exhibit 1 speaks for itself and to the extent that the allegations contained in paragraph 4 of Arch's Cross-Claim are inconsistent with, incomplete or vary from the terms of Exhibit 1, then, in that event, those allegations are denied.

5. In answering paragraph 5 of Arch's Cross-Claim, admit that Exhibit 1 speaks for itself and to the extent that the allegations contained in paragraph 5 of Arch's Cross-Claim are inconsistent with, incomplete or vary from the terms of the Exhibit 1, then, in that event, those allegations are denied.

6. In answering paragraph 6 of Arch's Cross-Claim, admit that Exhibit 1 speaks for itself and to the extent that the allegations contained in paragraph 6 of Arch's Cross-Claim are inconsistent with, incomplete or vary from the terms of the Exhibit 1, then, in that event, those allegations are denied.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 7 of Arch's Cross-Claim.

8. Denies the allegations as stated in paragraph 8 of Arch's Cross-Claim.

9. Denies the allegations as stated in paragraph 9 of Arch's Cross-Claim.

10. In answering paragraph 10 of Arch's Cross-Claim, admit that Exhibit 1 speaks for itself and to the extent that the allegations contained in paragraph 10 of Arch's Cross-Claim are

inconsistent with, incomplete or vary from the terms of the Exhibit 1, then, in that event, those allegations are denied.

11. Denies the allegations as stated in paragraph 11 of Arch's Cross-Claim.

12. In answering paragraph 12 of Arch's Cross-Claim, admit that Exhibit 1 speaks for itself and to the extent that the allegations contained in paragraph 12 of Arch's Cross-Claim are inconsistent with, incomplete or vary from the terms of the Exhibit 1, then, in that event, those allegations are denied.

13. Denies the allegations as stated in paragraph 13 of Arch's Cross-Claim.

14. Denies the allegations as stated in paragraph 14 of Arch's Cross-Claim.

15. Denies the allegations as stated in paragraph 15 of Arch's Cross-Claim.

16. Denies the allegations as stated in paragraph 16 of Arch's Cross-Claim.

17. Denies the allegations as stated in paragraph 17 of Arch's Cross-Claim.

18. Denies the allegations as stated in paragraph 18 of Arch's Cross-Claim.

## AFFIRMATIVE DEFENSES

In addition to the foregoing Answer, EBES asserts the following Affirmative Defenses. By pleading these defenses, EBES does not assume the burden of proving any fact, issue or element of a cause of action where such burden belongs to Arch.

### FIRST AFFIRMATIVE DEFENSE

Arch's Cross-Claim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Arch's Cross-Claim is barred in whole or in part by the terms, conditions and limitations of the Producer Agreement at issue, all of which are reserved and none of which are waived.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Arch alleges that it suffered damages, such damages were aggravated or exacerbated by Arch's failure to mitigate same. Arch's recover should therefore be barred or decreased by reason of its failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Arch's Cross-Claim is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Arch's Cross-Claim is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Arch's Cross-Claim is barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Arch's Cross-Claim is barred in whole or in part because EBES did not breach any duty owed to Arch.

### EIGHTH AFFIRMATIVE DEFENSE

Arch is barred from recovering any amounts for which it has been unjustly enriched or must otherwise offset such amounts from any potential claimed damages against EBES.

### NINTH AFFIRMATIVE DEFENSE

Arch's Cross-Claim is barred in whole in part to the extent that Arch failed to exhaust other available remedies.

### TENTH AFFIRMATIVE DEFENSE

EBES is not responsible for any damages caused in whole or in part by the independent, superseding or intervening acts of third parties.

### ELEVENTH AFFIRMATIVE DEFENSE

EBES reserves the right to assert any and all available defenses under the Producer Agreement and/or at law.

Dated: August 27, 2021

                                                  WEISS LAW OFFICE, S.C.

                                                  */s/ Monte E. Weiss*
Monte Weiss
WI State Bar No. 1003816
1017 W. Glen Oaks Lane, Suite 207
Mequon, Wisconsin 53092
Tel:    (262) 240-9663
Fax:   (262) 240-9664
Email: mweiss@mweisslaw.net

ROPERS MAJESKI, PC

     */s/ Blaise U. Chow*
Blaise U. Chow (admitted *pro hac vice*)
NY State Bar No. 3905031
John J. Iacobucci Jr. (admitted *pro hac vice*)
NY State Bar No. 5105929
750 Third Avenue, 25th Floor
New York, New York 10017
Tel:    (212) 668-5927
Fax:   (212) 668-5929
Email: blaise.chow@ropers.com
           john.iacobucci@ropers.com

*Attorneys for Defendant*
*EB Employee Solutions, LLC*
*d/b/a The Difference Card*