IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SCHOOL DISTRICT OF JANESVILLE,

                Plaintiff,                          OPINION AND ORDER

    v.

                                              21-cv-291-wmc

EB EMPLOYEE SOLUTIONS, LLC d/b/a
THE DIFFERENCE CARD and ARCH
INSURANCE COMPANY,

                Defendant.

Presently at issue in this case is a motion to set aside an order of default (dkt. #17) against defendant EB Employee Solutions, LLC,[1] as well as plaintiff's already pending motion for default judgment (dkt. #15) and defendant's even later motion for extension of time to file an answer (dkt. #27). Given the low standard under Rule 55(c) and EB's showing of meritorious defenses, this court will grant the motion to set aside an order of default and grant EB leave to file an answer, rendering moot plaintiff's motion for default judgment.

BACKGROUND

The School District of Janesville ("Janesville") brought suit against defendants Arch Insurance Company and EB Employee Solutions, alleging that the defendants failed to reimburse the district for qualified medical expenses under its health insurance policy. (Compl. (dkt. #1).) Janesville filed the complaint on April 29, 2021, and provided affidavits of service for both defendants on May 24, 2021. By the June 11, 2021, deadline

---

[1] As pleaded, EB Employee Solutions LLC has also apparently been doing business under the name "The Difference Card." For ease of reference, the court will refer to this defendant as "EB."

to file an answer, move or otherwise respond, however, EB had failed to submit any filing, communicate with the court, or even reach out to the plaintiff or its counsel. (Pl.'s Mot. (dkt. #9).) As a result, the clerk of court entered an order of default against EB on June 21, 2021, under Fed. R. Civ. P. 55(a). (Ord. (dkt. #11).)

EB represents that, due to COVID-19, only limited staff were at the EB office where the complaint was served. (Def.'s Mot. (dkt. #17) 2.) The package with the complaint also had a "Do Not Hold" order, leading to it being returned to the sender at the first delivery attempt. (*Id.*) As such, EB did not have physical possession of the complaint, and presumably notice of the lawsuit, until June 15, 2021. (*Id.*) EB sought to retain counsel immediately after receiving notice but was delayed after its insurer's usual counsel declined to represent EB in this action based on a conflict of interest. (*Id.*) EB also contacted plaintiff's counsel by June 24, 2021, seeking a stipulation to set aside the entry of default, which plaintiff declined. (Def.'s Mot. (dkt. #17) pg. 12.) Once retained, counsel for defendant EB filed a notice of appearance on July 12, 2021 (Not. (dkt. #14)), and Janesville proceeded to file for a motion for default judgment of $470,144.12 against EB on July 14, 2021, under Fed. R. Civ. P. 55(b). (Pl.'s Mot. (dkt. #15).) Two days later, on July 16, 2021, EB filed a motion to set aside its default. (Def.'s Mot. (dkt. #17).)

OPINION

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. Proc. 35(c). In order to show good cause, the party in default must establish "(1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45

(7th Cir. 1994). In application, however, these requirements have been construed as "lenient standards." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

### I. Good Cause

As in *Cracco*, EB ascribes its failure to respond timely to the summons and complaint to "inadvertence." 559 F.3d at 631. Moreover, once aware of the summons, EB claims to have acted in good faith by quickly informing its insurer. (Def.'s Mot. (dkt. #17).) Any further delays after that, EB argues, is attributable to the insurer's need to find new counsel and retain local counsel. (*Id.*) While EB certainly was not as responsible as one might hope, its actions were not so inexcusable as to deny relief from default under the requirement for good cause, at least given the unusual circumstances of the Covid-19 pandemic, the amount at stake, and the "lenient standard" adopted by the Seventh Circuit in *Cracco*.

### II. Quick Action

The second prong of Rule 55(c) requires a showing that EB took quick action to rectify its default once made aware of it. Here, EB represents, and plaintiff has not disputed, that upon learning of this action and entry of default, it promptly entered notice of appearance, contacted plaintiff's counsel, and requested that the entry of default by set aside even before plaintiff had filed its motion for default judgment. (Def.'s Mot. (dkt. #17) pg. 12.) "'[Q]uick action' depends, quite clearly, on the particular circumstances of the defaulted defendant." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). It also appears EB contacted Janesville's counsel within three days of the entry of default and attempted

to stipulate to set aside the default. (Def.'s Mot. (dkt. #17) pg. 12.) Janesville acknowledges this fact, with Janesville's attorney swearing that, "On June 30, 2021, I wrote to the defendant . . . 'regarding your request [to agree to vacate the default]. Our client is not prepared to forego the default'". (Pl.'s Aff. (dkt. #16).) Once it had properly read the notice and found counsel, EB appears to have acted in good faith with plaintiff's counsel to get this litigation back on track, fulfilling the requirement for quick action. For these reasons, the court finds that setting aside the entry of default against EB is proper.

### III.  Meritorious Defense

As for the third requirement of a meritorious defense, EB contends that the essence of Janesville's suit is based on an apparent misunderstanding of the insurance contract and its provisions. (Def.'s Mot. (dkt. #17) pg. 19.) Specifically, Janesville alleges that any expense incurred within 3 months of the end of a plan year was reimbursable, while EB insists that the insurance contract actually provides that any reimbursable claim must have been both incurred *and* paid within the plan year. (*Id*.) To the extent that Janesville is entitled to reimbursement, EB further argues that Arch Insurance is liable as the actual issuer of the policy, not EB. (*Id*. at 15.) While EB alleges several other defenses, the court finds the first two sufficient to set aside an entry of default, having "notified the plaintiff and the district court of the nature of [the] defense and provided the factual basis for that defense." *Cracco*, 559 F.3d at 631. Indeed, EB has gone beyond the standard by presenting several, colorable defenses in response to the allegations in the complaint. Whether or not EB will actually prevail on such defenses is not before the court; instead, the court simply

4

finds that EB has presented defenses with a sufficient basis in law and fact as to be meritorious.

Having granted relief from the clerk's entry of default, plaintiff's motion for default judgment will be denied as moot. Whenever possible, the court would prefer to decide an issue on its merits, and EB has properly shown that setting aside the default is warranted. The court will also grant EB's motion for an extension of time to file an answer as set forth below.

ORDER

IT IS ORDERED that:

1) Defendant EB Employee Solutions, LLC's Motion to Set Aside Default (dkt. #17 is GRANTED; and,

2) Plaintiff School District of Janesville's Motion for Default Judgement (dkt. #15) is DENIED; and,

3) Defendant EB Employee Solutions, LLC's Motion for Extension of Time to File Answer (dkt. #27) is GRANTED; and,

4) Answer from defendant EB Employee Solutions, LLC is due February 9,2022.

5) Defendant EB Employee Solutions, LLC's Motion for Leave to File a Reply Brief (dkt. #34) is DENIED AS MOOT.

Entered this 2nd day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge