IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCHOOL DISTRICT OF JANESVILLE,

          Plaintiff,

v.

EB EMPLOYEE SOLUTIONS, LLC d/b/a
THE DIFFERENCE CARD and ARCH
INSURANCE COMPANY,

          Defendants.

Case No. 3:21-cv-00291-wmc

---

### DEFENDANT EB EMPLOYEE SOLUTIONS, LLC d/b/a THE DIFFERENCE CARD'S ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant EB EMPLOYEE SOLUTIONS, LLC d/b/a THE DIFFERENCE CARD ("EBES"), by and through its attorneys, WEISS LAW OFFICE, S.C. and ROPERS MAJESKI, PC, as and for its Answer to the Complaint with Affirmative Defenses, states as follows:

### PARTIES[1]

1.     Upon information and belief, admits the allegations as stated in paragraph 1.

2.     Admits the allegations as stated in paragraph 2.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 3 and refers to Defendant Arch Insurance Company's ("Arch") prior response thereto.

---

[1] EBES includes the Complaint's headings for convenience purposes only. To the extent that those headings could be construed as allegations against EBES, EBES denies those allegations.

## JURISDICTION

4.      Paragraph 4 states legal conclusions to which no response is required, and EBES respectfully refers those questions of law to the Court, but to the extent that a response is required, then, in that event, EBES lacks knowledge or information sufficient to for a belief as to the truth of the allegations as stated therein and therefore denies same.

5.      Paragraph 5 states legal conclusions to which no response is required, and EBES respectfully refers those questions of law to the Court, but to the extent that a response is required, then, in that event, EBES lacks knowledge or information sufficient to for a belief as to the truth of the allegations as stated therein and therefore denies same.

## FACTUAL ALLEGATIONS

6.      Admits the allegations as stated in paragraph 6.

7.      Regarding the first sentence of paragraph 7, EBES admits that it provided certain administrative services for Plaintiff's health reimbursement account ("HRA") program. Regarding the second sentence of paragraph 7, EBES denies the allegations as stated therein. Regarding the third sentence of paragraph 7, EBES refers to the cited EBES communications for their full and complete contents and denies all allegations that are inconsistent therewith.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 8.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 9.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 10.

11.     Denies the allegations as stated in paragraph 11, except admits that Exhibit B to the Complaint includes the following sentence: "All claims must be submitted within 3 months of the end of the plan year."

12.     Refers to the cited EBES communications for their full and complete contents and denies all allegations as stated in paragraph 12 that are inconsistent therewith.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in the first three sentences of paragraph 13 and further states that Exhibit C to the Complaint speaks for itself. Regarding the fourth sentence of paragraph 13, EBES refers to the cited EBES communications for their full and complete contents and denies all allegations that are inconsistent therewith.

14.     Denies the allegations as stated in paragraph 14.

15.     Refers to the cited EBES communications for their full and complete contents and denies all allegations as stated in paragraph 15 that are inconsistent therewith.

16.     Denies the allegations as stated in the first sentence of paragraph 16. Denies the allegations as stated in the second sentence of paragraph 16 but admits that the insurance policy issued by Arch lists "School District of Janesville" as the "Policyholder". Admits the allegations as stated in the third sentence of paragraph 16. Denies the allegations as stated in the fourth sentence of paragraph 16 but admits that the subject Arch insurance policy lists "EB Employee Solutions LLC Program" as the "Program Administrator".

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 18.

3

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 19.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 20.

21.    Refers to Exhibit E of the Complaint for its full and complete contents and denies all allegations as stated in paragraph 21 that are inconsistent therewith, except admits that Plaintiff paid EBES $45,326.05 for EBES' provision of services contemplated by Exhibit E.

22.    Regarding the first sentence of paragraph 22, EBES denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated therein. Regarding the second and third sentences of paragraph 22, EBES refers to the cited EBES communications for their full and complete contents and denies all allegations that are inconsistent therewith.

23.    Refers to the cited terms of the subject Arch insurance policy for their full and complete contents and denies all allegations that are inconsistent therewith.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 24.

25.    Denies the allegations as stated in paragraph 25.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 26.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 28, except admits that EBES did not reimburse Plaintiff for the claims described therein.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 29, except admits that EBES denies any obligation to pay for the claims described therein.

30.     Refers to Plaintiff's March 11, 2020 letter for its full and complete contents and denies all allegations as stated in paragraph 30 that are inconsistent therewith.

31.     As for the first sentence of paragraph 31, denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated therein, except admits that EBES has not reimbursed Plaintiff for the claims described therein. As for the second sentence of paragraph 31, denies the allegations as stated therein and further states that it has not reimbursed Plaintiff for "Run-Out Services".

32.     Denies the allegations as stated in paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 33 but admits that paragraph 33 accurately quotes Wisc. Admin. Code Ins § 8.11(5)(b).

34.     Denies the allegations as stated in paragraph 34.

**FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT (DIFFERENCE CARD)**

35.     Repeats and realleges its responses to paragraphs 1 through 34 as if fully set forth herein.

36.     Denies the allegations as stated in paragraph 36.

37.     Denies the allegations as stated in paragraph 37.

38.     Denies the allegations as stated in paragraph 38.

**SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT (AGAINST ARCH)**

39.     Repeats and realleges its responses to paragraphs 1 through 38 as if fully set forth herein.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 42.

**THIRD CLAIM FOR RELIEF – FRAUDULENT MISREPRESENTATION UNDER WIS. STAT. § 100.18 (AGAINST DIFFERENCE CARD)**

43.     Repeats and realleges its responses to paragraphs 1 through 42 as if fully set forth herein.

44.     Denies the allegations as stated in paragraph 44.

45.     Denies the allegations as stated in paragraph 45.

46.     Denies the allegations as stated in paragraph 46.

47.     Denies the allegations as stated in paragraph 47.

48.     Denies the allegations as stated in paragraph 48.

**FOURTH CLAIM FOR RELIEF – INTENTIONAL MISREPRESENTATION (AGAINST DIFFERENCE CARD)**

49.     Repeats and realleges its responses to paragraphs 1 through 48 as if fully set forth herein.

50.     Denies the allegations as stated in paragraph 50.

51.     Denies the allegations as stated in paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 52 but admits that EBES agreed to provide the services contemplated by Exhibit E of the Complaint for a $45,326.05 fee.

53.     Denies the allegations as stated in paragraph 53.

54.     Denies the allegations as stated in paragraph 54.

55.     Denies the allegations as stated in paragraph 55.

56.     Denies the allegations as stated in paragraph 56.

57.     Denies the allegations as stated in paragraph 57.

**FIFTH CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION (AGAINST DIFFERENCE CARD)**

58.     Repeats and realleges its responses to paragraphs 1 through 57 as if fully set forth herein.

59.     Denies the allegations as stated in paragraph 59.

60.     Denies the allegations as stated in paragraph 60.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 61 but admits that EBES agreed to provide the services contemplated by Exhibit E of the Complaint for a $45,326.05 fee.

62.     Denies the allegations as stated in paragraph 62.

63.     Denies the allegations as stated in paragraph 63.

64.     Denies the allegations as stated in paragraph 64.

65.     Paragraph 65 states a legal conclusion to which no response is required, and EBES respectfully refers that questions of law to the Court. To the extent that a response is required, EBES denies the allegations as stated in paragraph 65.

7

66.     Denies the allegations as stated in paragraph 66.

## SIXTH CLAIM FOR RELIEF – STRICT RESPONSIBILITY MISREPRESENTATION (AGAINST DIFFERENCE CARD)

67.     Repeats and realleges its responses to paragraphs 1 through 66 as if fully set forth herein.

68.     Denies the allegations as stated in paragraph 68.

69.     Denies the allegations as stated in paragraph 69.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 70 but admits that EBES agreed to provide the services contemplated by Exhibit E of the Complaint for a $45,326.05 fee.

71.     Denies the allegations as stated in paragraph 71.

72.     Denies the allegations as stated in paragraph 72.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 73.

74.     Denies the allegations as stated in paragraph 74.

75.     Denies the allegations as stated in paragraph 75.

## SEVENTH CLAIM FOR RELIEF – DECLARATORY RELIEF UNDER WIS. STAT. § 806.04 (AGAINST DIFFERENCE CARD AND ARCH)

76.     Repeats and realleges its responses to paragraphs 1 through 75 as if fully set forth herein.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 77.

78.     Denies the allegations as stated in paragraph 78.

79.     Denies the allegations as stated in paragraph 79.

## EIGHTH CLAIM FOR RELIEF – BAD FAITH (AGAINST DIFFERENCE CARD AND ARCH)

80.      Repeats and realleges its response to paragraphs 1 through 75 as if fully set forth herein.

81.      Denies the allegations as stated in paragraph 81.

82.      Denies the allegations as stated in paragraph 82.

83.      Denies the allegations as stated in paragraph 83.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of estoppel, laches, unclean hands and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the terms, exclusions, conditions and limitations of the subject Arch insurance policy.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by virtue of Plaintiff's failure to satisfy conditions precedent in the subject Arch insurance policy.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges it suffered damages, the alleged damages were aggravated by Plaintiff's failure to mitigate. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of Plaintiff's failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrine of avoidable consequences.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred to the extent that Plaintiff seeks therein to hold EBES, a non-party to the insurance contract between Plaintiff and Arch, liable for benefits purportedly owed under the Arch policy.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks recovery from EBES related to the agreement attached as Exhibit E of the Complaint, the Complaint is barred by that agreement's terms, exclusions, conditions and limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim against EBES pursuant to Wisconsin Statute § 100.18 fails because that statute does not apply to the insurance business.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's misrepresentation claims against EBES are barred by the economic loss doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's bad faith claim against EBES fails because the dispute between Plaintiff and EBES is not between an insured and its insurer.

### TWELFTH AFFIRMATIVE DEFENSE

EBES reserves the right to assert additional defenses as more information becomes available during the course of this action.

Dated: February 9, 2022

WEISS LAW OFFICE, S.C.

/s/ Monte Weiss

_____
Monte Weiss
WI State Bar No. 1003816
1017 W. Glen Oaks Lane, Suite 207
Mequon, Wisconsin 53092
Tel:    (262) 240-9663
Fax:    (262) 240-9664
Email: mweiss@mweisslaw.net


ROPERS MAJESKI, PC

/s/ Blaise Chow

_____
Blaise U. Chow (admitted *pro hac vice*)
John J. Iacobucci Jr. (admitted *pro hac vice*)
NY State Bar No. 5105929
750 Third Avenue, 25th Floor
New York, New York 10017
Tel:    (212) 668-5927
Fax:    (212) 668-5929
Email: john.iacobucci@ropers.com

*Attorneys for Defendant*
*EB Employee Solutions, LLC*
*d/b/a The Difference Card*